In re **UNITED AMERICAN FINANCIAL CORPORATION, Debtor.**

**UNITED AMERICAN FINANCIAL CORPORATION, Plaintiff,**

v.

**FIRST HERITAGE NATIONAL BANK OF LOUDON COUNTY, TENNESSEE** and **Bernie R. Swiney, Trustee, Defendants.**

Bankruptcy No. 3–83–00744.
Adv. No. 3–85–1048.

United States Bankruptcy Court,
E.D. Tennessee.

Aug. 22, 1985.

**44**

Bernstein, Susano, Stair & Cohen, Doris C. Allen, Knoxville, Tenn., for plaintiff.

Fowler & Gibson, A. Wayne Henry, Loudon, Tenn., for defendants.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether the proceeds from property sold under a deed of trust power of sale were properly applied to extinguish a first lien for property taxes. Tenn.Code Ann. § 67–5–2101 (1983). Plaintiff contends that, as a matter of Tennessee law, a purchaser at a foreclosure sale takes subject to tax liens unless expressly and specifically stated otherwise in either the foreclosure notice or at the foreclosure sale. Disagreeing, defendants assert proceeds from the foreclosure sale were properly applied to discharge taxes against the property sold.

### I

The facts are undisputed and the issue is before the court on cross motions for summary judgment. Plaintiff, a debtor in pos-

session, subordinated its prior deed of trust against some forty-nine lots to a deed of trust securing a $240,000 note held by defendant First Heritage Bank. Defendant Bernie Swiney, an officer of the bank, is the trustee named in the First Heritage deed of trust.

Upon default by the grantors of the deed of trust (James Slyman and Slyman Auction Company), Swiney caused a foreclosure notice to be published. This notice did not state that property taxes would be paid from the foreclosure proceeds; however, the sale also was not advertised as subject to unpaid taxes. The only mention of taxes in the notice of sale, dated November 3, 1984, is found in the final paragraph, which recites:

> Trustee believes that said property is otherwise free and clear except for Knox County taxes, and additional liens on Tract One secured by deed of trust due United American Financial Corporation in Trust Book 1985, page 76, of record in the Register's office for Knox County, Tennessee, and as modified by Subordination Agreement recorded in Trust Book 2075, page 981, Knox County Register of Deeds.

No announcement was made at the trustee's sale as to whether the property was being sold free and clear or subject to unpaid taxes.

As advertised, Swiney conducted the foreclosure sale on December 10, 1984. The highest bid at the sale, $253,000, was made by Ray Michael Mubarek on behalf of Western Hills Partnership. Swiney disbursed the proceeds from the sale as follows:

| | |
|---|---|
| Costs and expenses of sale | $ 11,230.28 [1] |
| Tennessee tax lien | $ 562.63 |
| Knox County property taxes | $ 11,899.97 |
| First Heritage Bank | $215,240.47 |
| United American Financial Corporation | $ 14,067.25 |

Plaintiff asserts it is entitled to recover the $12,462.60 appropriated to discharge

---

**1.** This amount includes a $750 attorney fee and a trustee's fee of $9,500.

taxes against the property. According to Ray Michael Mubarek's affidavit, he bid on the property with the expectation that the property was being sold free and clear of all liens. Further, Mubarek avers he knew there were unpaid property taxes and that he would have bid less if he had believed that the sale was conducted subject to the tax liens.

## II

Tenn.Code Ann. § 67–5–2101 (1983) enacts:

> *Taxes on which lien based.*—The taxes assessed by the state of Tennessee, a county, or municipality, taxing district, or other local governmental entity, upon any property of whatever kind, and all penalties, interest, and costs accruing thereon, shall become and remain a first lien upon such property from the first day of January of the year for which such taxes are assessed.

Plaintiff concedes the validity of the tax liens against the forty-nine lots. However, plaintiff contends the purchaser at the trustee's sale is responsible for payment of the taxes because Swiney did not expressly state, in either the foreclosure notice or at the sale, that taxes would be paid from the sale proceeds.

■ Absent some warranty by the trustee, the doctrine caveat emptor applies to power of sale foreclosures. See 10 G. Thompson, *Commentaries On The Modern Law Of Real Property* § 5185 (repl. ed. 1957). As trustee, Swiney made no warranty relative to the sale. Compare *Hawkins v. Spicer*, 20 Tenn.App. 528, 101 S.W.2d 151 (1937) (notice of sale provided for general warranty deed and payment from proceeds of past due taxes).

■ According to defendants, the First Heritage deed of trust,[2] incorporated by reference in the foreclosure notice, recites in material part:

> [T]he proceeds [upon foreclosure] shall be applied by the Trustee as follows:

2. The deed of trust is not part of the record.

First, to the payment of costs and expenses of executing this trust, including five percent (5%) commission to the Trustee, and any and all sums the beneficiary, its successors or assigns, or the Trustee may have expended or become liable for on account of ... attorneys fees, taxes ... or any advances made or expenses incurred on account of the aforesaid property, or for the protection thereof, with interest thereon; Second, to the payment of the indebtedness herein secured with interest, or any balance due thereon, in full; and Third, the balance, if any, the Trustee will hold, subject to the order of parties of the first part, their representatives or assigns.

Incorporation of this provision by reference in the foreclosure notice was not sufficient to notify interested parties that taxes would be paid from the foreclosure sale proceeds. The purchaser at the trustee's sale was not simply an assignee of, or successor to, the interest of First Heritage. On the contrary, the purchaser became the owner of the property.

■ The parties have not cited, and the court has not discovered, any controlling authority. However, as a general rule, "[A] purchaser at a judicial sale takes the property subject to other valid liens ... unless expressly stipulated otherwise ... [and] a purchaser of property at a mortgage foreclosure sale takes the property subject to tax liens." 55 Am.Jur.2d *Mortgages* § 817 (1971) (footnotes omitted). Swiney could very easily have either stated in his foreclosure notice or announced at the sale that unpaid taxes would be discharged from the sale proceeds. His failure to do either created avoidable uncertainty and precipitated this action. Favoring certainty where easily achieved, when a trustee is silent (through failure to state in his notice of sale or to announce at sale) on whether a power of sale foreclosure is subject to tax liens having priority, the sale is subject to the tax liens. Accordingly, defendant Swiney misapplied the $12,462.60

he disbursed to satisfy the tax liens against the property sold.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 7052.